IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02660-MSK-MEH

MRS. COLORADO-AMERICA, INC., a Colorado corporation,

    Plaintiff,

v.

MRS. COLORADO UNITED STATES PAGEANT,
LONNIE GIBSON, an individual, and
MRS. UNITED STATES NATIONAL PAGEANT, INC., a New York corporation,

    Defendants.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION
TO DISMISS COUNTERCLAIMS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Dismiss Counterclaims by Defendant Mrs. United States National Pageant, Inc. ("National Pageant"), **(#25)**, National Pageant's response **(# 27)**, and the Plaintiff's reply **(# 38)**.

The Plaintiff, a statewide pageant operating under the name "Mrs. Colorado-America," asserts claims of statutory unfair competition and trademark infringement against the Defendants, organizers of a similar pageant, operating under the name "Mrs. Colorado United States," arising out of their use of the mark "Mrs. Colorado" **(# 1)**. National Pageant filed an Answer and Counterclaims **(# 21)**, disputing the Plaintiff's entitlement to the "Mrs. Colorado" mark, and asserting counterclaims for abuse of process and tortious interference with contractual relations, apparently asserted under Colorado law.

1

In the instant motion **(# 25)**, the Plaintiff moves to dismiss the Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that: (i) the abuse of process claim does not adequately allege improper use of legal process; (ii) the tortious interference with contractual relations claim does not plead specific facts sufficient to support the claim; and (iii) National Pageant's claim for exemplary damages is premature under C.R.S. § 13-21-102(1.5)(a). In response **(# 27)**, National Pageant argues that: (i) as an alternative to pleading improper use of legal process, it is entitled to show that the Plaintiff's claims are "sham claims," devoid of factual or legal support and interposed primarily for purposes of harassment[1]; (ii) that it has adequately plead specific facts supporting the tortious interference claim; and (iii) that C.R.S. § 13-21-102(1.5)(a) is a state procedural statute inapplicable in federal court. In reply **(# 38)**, the Plaintiff argues that: (i) the "sham claim" doctrine applies only where the challenged use of process is intended to interfere with an existing judicial proceeding; (ii) the "sham claim" doctrine also requires proof of improper use of legal process; (iii) the Plaintiff's abuse of process claim relies upon conclusory assertions rather than specific facts; (iv) the tortious interference claim is insufficiently specific; and (v) the Colorado statute applies to limit requests for exemplary damages.

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint – or, in the case, the Counterclaims – as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer*

---

[1] In support of its assertion that the Plaintiff's claims are without factual or legal support, National Pageant argues in its response that: (i) the Plaintiff's federal trademark claim fails to assert the Plaintiff's use of the mark in interstate commerce; (ii) the Plaintiff's claim is barred by the doctrine of laches, as the Plaintiff has known of the Defendants' use of the mark since 1991; and (iii) the mark "Mrs. Colorado" is not protectible. None of these grounds are asserted in the Counterclaims themselves, however.

*Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the [party asserting the claims] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

### A. Abuse of process claim[2]

To state a claim for abuse of process under Colorado law, a party must allege: (i) the opposing party caused some legal process to issue; (ii) the principal reason for the issuance of the process was not for the proper legal purpose that such process is used; and (iii) damages as a result. *See e.g.* Colorado Jury Instructions 4th (Civil) 17:10, *citing James H. Moore & Assocs. Realty Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994). Where the process allegedly abused is the invocation of the First Amendment's right to petition the government for redress of grievances (*i.e.* that the process is the commencement of a lawsuit), the party asserting a claim for abuse of process must also show that the claim(s) asserted against it are devoid of

---

[2]At the outset, the Court confesses some confusion as to what purpose an abuse of process counterclaim serves in this case. National Pageant essentially asserts that the Plaintiff's claims lack a reasonable basis in fact and law, and it seeks damages (albeit a somewhat comically anthropomorphic boilerplate list of damages – *e.g.* the National Pageant allegedly suffered "pain and suffering, fear, anxiety, humiliation [and] embarrassment") as a result. It would appear that the claim is subsumed by the provisions of Fed. R. Civ. P. 11, which requires that claims by any party be asserted for a proper purpose and have a reasonable basis in fact and law and provides for appropriate relief, including both monetary and non-monetary sanctions.

3

reasonable factual or legal support. *Id.; citing Protect Our Mountain Environment, Inc. v. District Court*, 677 P.2d 1361, 1369 (Colo. 1984). Much of the parties' dispute involves whether the "devoid of fact or law" element can substitute for the "improper use of process" element, but in actuality, the elements are essentially one and the same. Because "sham litigation by definition does not involve a bona fide grievance," *Protect Our Mountain*, 677 P.2d at 1367, an allegation that the lawsuit commenced by the Plaintiff was devoid of factual or legal support – *i.e.* that is was "sham litigation" – suffices for the allegation that the Plaintiff's invocation of process was improper. To be sufficient, the allegation that the Plaintiff improperly invoked the legal process by filing the suit must be supported by factual averments showing that the suit lacked any reasonable basis.

Turning to whether these elements are adequately alleged in National Pageant's Counterclaims, the Court concludes that although Counterclaims sufficiently state the required elements of the claim, *see Docket* # 21 at ¶ 9, 10 (Plaintiff has filed a lawsuit), at ¶ 13, 14 (the suit is devoid of reasonable basis in fact or law – it "by definition does not involve a bona fide grievance," *Protect Our Mountain, supra.,* and thus, is not a proper basis for issuance of process – and has done so with an improper purpose), and at ¶ 16, 17 (damages have resulted). However, the Counterclaims state the elements only in a conclusory fashion which fails to give sufficient notice to the Plaintiff of the basis for the claim under Fed. R. Civ. P. 8. For example, the assertion that the Plaintiff's claims "are devoid of factual [or legal] support," *Docket* # 21 at ¶ 13, is purely conclusory; it gives no notice to the Plaintiff of the reasons <u>why</u> National Pageant believes those claims to be deficient. National Pageant is clearly capable of articulating the

grounds upon which it believes that the Plaintiff's claims are defective, *see* n. 1, *supra*. The Court finds that its failure to do so, even in an abbreviated form, fails to comply with Rule 8.

The Court, however, declines to dismiss the abuse of process counterclaim on this ground, as the defect in pleading is curable by amendment. Rather, the Court will grant National Pageant leave to file an Amended Counterclaim within 10 days of the date of this Order that adequately pleads the abuse of process counterclaim, to file a motion pursuant to Fed. R. Civ. P. 11(c)(1)(A), or to take whatever other action may be appropriate. Should National Pageant fail to file an amended Counterclaim or to file a motion pursuant to Rule 11, the Court will dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Tortious Interference claim

To state a claim for tortious interference with contract under Colorado law, a party must allege that its opponent: (i) intentionally and (ii) improperly (iii) interfered with the performance of (iv) a contract between the party asserting the claim and a third party (v) by causing the third person not to perform the contract. *Nobody in Particular Presents, Inc. v. Clear Channel Communications, Inc.,* 311 F.Supp.2d 1048, 1115 (D. Colo. 2004), *citing Memorial Gardens, Inc. v. Olympian Sales & Mgmt. Consultants, Inc.*, 690 P.2d 207, 210 (Colo.1984). To determine whether the interference was improper, the Court weighs multiple factors, examining issues such as the nature of the actor's conduct, his motive and the interests he seeks to advance, the interests of the party whose rights are interfered with, social interests in the two outcomes, and so on. *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 499-500 (Colo.1996), *citing Restatement (Second), Torts*, § 767.

Once again, National Pageant has alleged each of the elements of the claim, *Docket* # 21 at ¶ 19 (contract existed with third party), at ¶ 20 (Plaintiff knew of the contract), at ¶ 21 (Plaintiff interfered, causing third party not to perform), and at ¶ 22 (interference was improper), but it has done so in such conclusory terms that the Plaintiff has not received meaningful notice of the facts underlying the claim. In particular, National Pageant has failed to adequately identify the actions constituting the interference, *id.* at ¶ 21 and the facts suggesting that such interference was improper, *id.* at ¶ 22.[3]  Once again, in lieu of dismissal under Rule 12(b)(6), the Court will grant National Pageant 10 days from the date of this Order to file an Amended Counterclaim giving sufficient notice of the facts underlying this claim.

**C. Exemplary damages request**

C.R.S. § 13-21-102(1.5)(a) provides that "a claim for exemplary damages . . . may not be included in any initial claim for relief.  A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff established *prima facie* proof of a triable issue [of exemplary damages]." The Plaintiff moves to dismiss National Pageant's request for exemplary damages as premature.

This Court has previously addressed this precise issue in a case that both parties here have cited.  In *Witt v. Condominiums at the Boulders Assoc.*, 2006 Wl 24086 (D. Colo. 2006), this

---

[3] In addition, the Court finds that National Pageant has not adequately alleged that the contract was actually breached by the third party.  It is clear from the Counterclaim that, at the time of filing, the presentation of the June 10, 2006 pageant – the subject of the contract at issue – had yet to occur.  *Docket* # 21 at ¶ 9 (date of pageant) and ¶ 19 (subject of contract).  To the extent that National Pageant anticipated a future breach of the contract, the tortious interference counterclaim would be premature.  To the extent that National Pageant alleges that the contract was breached in some other respect beyond preventing the staging of the pageant, the claim fails to give adequate notice of the way in which the contract was breached.

Court concluded that the Colorado statute was substantive in nature and applied in cases before this Court that invoke Colorado law. National Pageant, although not disagreeing with the outcome of *Witt*, argues that that holding should not apply here because the same risks of harm justifying that conclusion are present here.

This argument is misplaced. A rule of state law does not switch between being substantive or procedural based on the facts of a particular case.[4] The Court has concluded that C.R.S. § 13-21-102(1.5)(a) supplies a substantive rule of law that this Court must apply. Another judge in this District has reached a contrary decision in *Hamilton v. Matrix Logistics, Inc.*, 2006 WL 318662 (D. Colo. 2006). This Court respectfully disagrees with the reasoning in *Hamilton,* believing its prior analysis in *Witt* to be sound.

In accordance with *Witt*, National Pageant's request for exemplary damages is premature. It is stricken, with leave to reassert it in accordance with Colorado law.

### D. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Dismiss Counterclaims **(# 25)**, is **DENIED IN PART**, insofar as National Pageant's Counterclaims allege all of the elements of the asserted Counterclaims, and **GRANTED IN PART**, insofar as the request for exemplary damages is premature and the Counterclaims are not asserted with sufficient specificity under Fed. R. Civ. P. 8. Within 10 days of the date of this Order, National Pageant shall file an Amended

---

[4] Moreover, National Pageant is incorrect in its assertion that this Court has subject-matter jurisdiction over its counterclaims pursuant to 28 U.S.C § 1331 (federal question) and § 1338 (trademark). Unlike the Plaintiff's claims, National Pageant's counterclaims do not raise any federal question or trademark issues. Rather, the Court exercises subject-matter jurisdiction over the purely state-law counterclaims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction), in that those claims are related to the Plaintiff's claims over which this Court has original jurisdiction. Such supplemental jurisdiction is closely akin to the diversity jurisdiction in *Witt*.

Answer with Counterclaims, correcting the deficiencies in the pleading of its Counterclaims, barring which, the Counterclaims shall be dismissed. The request for exemplary damages is stricken, with leave to assert in accordance with Colorado law.

Dated this 12th day of February, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge