IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02660-MSK-MEH

MRS. COLORADO-AMERICA, INC., a Colorado corporation,

　　　　Plaintiff,

v.

MRS. COLORADO UNITED STATES PAGEANT,
LONNIE GIBSON, an individual, and
MRS. UNITED STATES NATIONAL PAGEANT, INC., a New York corporation,

　　　　Defendants.

_____

## OPINION AND ORDER DENYING MOTION TO SEAL
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Seal

Exhibit 8 **(# 78)** of their Motion for Summary Judgment **(# 77)**.

The Defendants' request to seal the documents is based on a June 14, 2006 Protective

Order **(# 42)**, signed by Magistrate Judge Hegarty.  That Order provides, among other things, that

either party may designate certain information produced in discovery as "confidential," that any

documents so deemed would not be made available to the general public, and that all confidential

documents would be filed under seal.

The Supreme Court has acknowledged a common-law right of the public to access

judicial records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978).  This right is

premised upon the recognition that public monitoring of the courts fosters important values such

as respect for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).

Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. Only in the rarest of cases is the sealing of documents appropriate – for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of abandoned or illegitimate children. *See Doe v. F.B.I.*, 218 F.R.D. 256, 259 (D. Colo. 2003). In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C.COLO.LCivR 7.2, which provides for sealing of documents only upon a showing of "compelling reasons." Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.

The fact that the parties may agree that a particular document is confidential is irrelevant. As participants in what is a presumptively public form of dispute resolution, the parties are not free to merely agree among themselves to shield certain material from public review. To hold otherwise would permit parties, by agreement, to routinely subvert the public nature of the judicial system. Moreover, the fact that the parties may have entered into and obtained approval

2

of a general protective order governing disclosure of information during discovery is not

dispositive.  Parties may freely agree to restrict their behavior via a protective order as it relates to

the conduct of discovery, as such discovery is not generally filed with the Court and this, is not

otherwise available for public review.  However, once the parties file documents with the Court –

presumably, because the contents of such documents bear on whether relief should be granted or

not – the parties' agreements as to privacy will often be required to yield to the public's interest in

reviewing the correctness and fairness of the Court's decisions.  Only in circumstances where the

parties' need for secrecy is so compelling, relative to the public's interest in access to the factual

underpinnings of the Court's decisions, that sealing will be permitted.

Here, the Defendants Motion to Seal articulates no compelling rationale for sealing the

document, other than citing to the parties' Protective Order.  For the reasons stated above, the

Court finds that the existence of the Protective Order, of itself, does not constitute "compelling"

justification for sealing the documents.  Accordingly, the Motion to Seal is denied without

prejudice.

However, the Court is also mindful of the fact that the parties believe that public

disclosure of the contents of the documents might prove harmful, and that faced with the choice

between relying on the documents but making them available to the public, or keeping them

private but forfeiting the opportunity to have the Court consider their contents, the parties might

choose the latter.[1]

---

[1]Indeed, to present the choice as binary is to overlook the ability of diligent counsel to
fashion a compromise that both provides the Court with sufficient factual information necessary to
an informed decision, and yet protects information that the parties deem sensitive.  For example,
the parties might stipulate that the document evidences particular facts in lieu of filing the
confidential document itself to evidence those facts.  Or, if the portions of the document that

Accordingly, the Defendants' Motion to Seal **(# 72)** is **DENIED** without prejudice.  The Court will grant the Defendants 10 days from the date of this Order to either: (i) file a notice withdrawing Exhibit 8; or (ii) file a stipulation of facts in lieu of the referenced document, a redacted version of the referenced document, or some other mutually-agreeable substitute for the referenced document, in which event the Court will deem to the referenced document withdrawn. If neither option is selected within the 10-day period, the Clerk of the Court shall unseal Exhibit 8 to Docket # 77.

Dated this 30th day of April, 2007

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge

---

render it confidential are not relevant to the purpose for which the document is being tendered, a redacted version omitting the confidential material may be presented.