IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02660-MSK-MEH

MRS. COLORADO-AMERICA, INC., a Colorado corporation,

    Plaintiff,

v.

MRS. COLORADO UNITED STATES PAGEANT,
LONNIE GIBSON, an individual, and
MRS. UNITED STATES NATIONAL PAGEANT, INC., a New York corporation,

    Defendants.

_____

## ORDER STRIKING *EX PARTE* CORRESPONDENCE
_____

**THIS MATTER** comes before the Court pursuant to two letters sent to the Court by Ms. Ilacqua **(# 119, 122)**. The first letter, dated June 14, 2007, is addressed to "Judge Hegarly," and requests a rescheduling of a pretrial conference in this case, among other things.[1] The letter is *ex parte*, in that it gives no indication that a copy was served on either Mr. Lewis, her own attorney, or Mr. Mugge, counsel for the Plaintiff. The second letter, dated June 18, 2007, is addressed to Mr. Lewis with a cc: to this Court, advising Mr. Lewis of Ms. Ilacqua's June 14, 2007 letter.

    The Court strikes both letters for several reasons. First, the letters do not contain a Certificate of Service or any other indication that a copy was served on all counsel in this matter, and thus, the letters are impermissible *ex parte* communication. D.C. Colo. L. Civ. R. 5.1(F).

---

[1] It is not clear whether Ms. Ilacqua is referring to a <u>settlement</u> conference scheduled to take place before Magistrate Judge Hegarty at some unknown date, or the continued Pretrial Conference scheduled before <u>this Court</u> for June 22, 2007.

Second, the Court does not receive requests for any relief by correspondence; all requests for relief must be presented in a properly-presented motion, and all other correspondence with the Court is improper. Third, the Court does not generally entertain *pro se* requests from parties who are otherwise represented by counsel.[2] To the extent that Ms. Ilacqua has matters she wishes to bring before the Court, she must do so through her counsel of record.

Accordingly, the letters by Ms. Ilacqua **(# 119, 122)** are **STRICKEN**. Counsel for Defendant Mrs. United States National Pageant, Inc. is directed to provide Ms. Ilacqua with a copy of this Order.

Dated this 18th day of June, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[2] The sole exception to this rule is that the Court will entertain a *pro se* motion by a party seeking to terminate his or her counsel of record's continuing representation. In other words, the only request by Ms. Ilacqua that the Court would entertain would be one by her seeking to discharge Mr. Lewis from continuing to appear on behalf of Defendant Mrs. United States National Pageant, Inc. However, because Mrs. United States National Pageant, Inc. is a corporate entity, it <u>must</u> be represented at all times by an attorney admitted to this Court; it cannot participate in this litigation through Ms. Ilacqua alone. Thus, to the extent Ms. Ilacqua's letters can be interpreted as a *pro se* motion to terminate Mr. Lewis' representation in this case, they are denied without prejudice because Ms. Ilacqua does not indicate that she has retained substitute counsel to continue to represent Defendant Mrs. United States National Pageant, Inc.